# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-30786

————

INTERNATIONAL OFFSHORE SERVICES, L.L.C.,

Plaintiff

v.

LINEAR CONTROLS OPERATING, INCORPORATED,

Defendant


APACHE CORPORATION,

Third Party Plaintiff - Appellant

v.

CATLIN SPECIALTY INSURANCE COMPANY,

Third Party Defendant - Appellee

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2016

Lyle W. Cayce
Clerk

————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-4852

————————

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

No. 15-30786

PER CURIAM:*

Third Party Plaintiff-Appellant Apache Corporation ("Apache") appeals the district court's final judgment dismissing, on summary judgment, Apache's claim against Third Party Defendant-Appellee Catlin Specialty Insurance Company ("Catlin").[1] Apache sought insurance coverage under the terms of a policy issued by Catlin (the "Policy") to its insured (and Apache's subcontractor), Controls Operating, Inc. f/k/a Linear Controls Operating, Inc. f/k/a Linear Controls, Inc. ("Linear").

This case arises out of an incident in which an employee of Linear, Jake Bergeron, was injured on a boat owned by International Marine, L.L.C. and International Offshore Services, L.L.C. (collectively "International Marine"), while en route to an Apache jobsite. International Marine had chartered the boat to Apache pursuant to a Master Time Charter Agreement ("MTCA"). International Marine filed a limitation of liability action, in which Bergeron asserted a personal injury claim.

International Marine also filed a declaratory judgment action against Linear and Apache, seeking a determination that one or both owed it defense and indemnity and insurance coverage. Apache then asserted this claim for insurance coverage against Catlin, arguing that the Policy it issued to Linear required it to provide coverage to Apache for Apache's contractual liability to International Marine.

Resolution of the case turns entirely on the Policy, but it is helpful to understand the underlying contractual obligations. First, under the MTCA,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See Int'l Offshore Servs., LLC v. Linear Controls Operating, Inc.*, No. CIV.A. 13-4852, 2015 WL 4875472 (E.D. La. Aug. 12, 2015). We take the undisputed facts set out herein from the district court's opinion.

No. 15-30786

International Marine agreed to provide marine vessels to Apache on request. The MTCA also required Apache to defend and indemnify International Marine for the injury or death of the employees of Apache or its subcontractors, which is the basis for Apache's contractual liability at issue in this appeal.

Apache, in turn, argues that its Master Service Contract ("MSC") with Linear required Linear to provide defense and indemnity to Apache, even for Apache's contractual liability to International Marine under the MTCA. More relevant to this appeal, Apache argues that the Policy issued by Catlin provides coverage to the full extent of Linear's obligations under the MSC, including coverage for Apache's contractual liability under the MTCA.

The MSC required Linear to maintain insurance coverage for Apache and Apache-affiliated parties as additional insureds "for obligations undertaken and liabilities assumed by [Linear] under" the MSC, including "Contractual Liability, insuring the indemnity agreements contained in this contract." The parties amended the MSC for work performed in Louisiana to circumvent the general prohibition against such indemnity agreements established in the Louisiana Oilfield Indemnity Act ("LOIA"), La. Rev. Stat. § 9:2780. Under the exception set out in *Marcel v. Placid Oil Co.,* 11 F.3d 563 (5th Cir. 1994), which the parties expressly referenced in the amendment, Linear was to secure insurance coverage for the "indemnities as required by this Contract," but Apache would pay the actual premiums for that coverage.

Linear listed Apache as an additional insured in an endorsement to the Policy. The Policy expressly excludes coverage for contractual liability except for such liability assumed in an "insured contract," which the Policy defines, in relevant part, as "[t]hat part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for "bodily injury" . . . to a third person." The Policy also provides: "Throughout this policy the words 'you' and 'your' refer to the Named Insured

3

shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy."

In essence, Apache argues that Linear was required under the MSC to indemnify Apache for Apache's contractual liability to International Marine under the MTCA, and the Policy necessarily provided that coverage. We disagree. Even assuming *arguendo* that the MSC required Linear to secure that coverage, that would not determine whether Linear actually secured the coverage in this Policy. We must look to the Policy's language, and we agree with the district court that it does not cover Apache's contractual liability to International Marine here.

Applying the Louisiana law concerning insurance contract construction, the district court noted that the Policy excludes coverage for contractual liability *except* for "insured contracts," and it concluded that the MTCA at issue here—the source of Apache's contractual liability—is not an "insured contract" under the plain language of the Policy. The district court reasoned that because the Policy defines "you" and "your" to include only Named Insureds, the definition of "insured contract" under the Policy does not include the MTCA. Under the district court's reading, the definition of "insured contract" could be rephrased as "[t]hat part of any other contract or agreement pertaining to [a Named Insured's] business . . . under which [a Named Insured] assume[s] the tort liability of another party to pay for 'bodily injury' . . . to a third person."

On de novo review, applying Louisiana law and the same Rule 56 summary judgment standards as the district court, we agree with the district court's interpretation. Thus, Apache is entitled to coverage for its contractual liability to International Marine under the MTCA only if Apache is a Named Insured under the Policy. We agree with the district court that it is not.

Apache was only listed as an additional insured under the Policy, not a Named Insured. Indeed, the endorsement page adding Apache is carefully

4

written to add the endorsee only as an additional insured, not a Named Insured. Apache argues that the Policy incorporated by reference the full MSC and all of its obligations in an endorsement for "Blanket as per written contract," but that endorsement is found on the same type of form that added Apache, which limits the endorsement to additional insured coverage. Apache has pointed to no apposite case law that would allow us expand the Policy's coverage for an additional insured beyond the plain language of the Policy itself, and we can find none.

In sum, we agree with the district court that Apache is only an additional insured under the Policy, and Apache is not entitled to coverage under the Policy for its contractual liability to International Marine under the MTCA. We affirm essentially for the reasons set out by the district court.

AFFIRMED.